IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GREG PAUL CHAVEZ,

        Petitioner,

v.                                                                                  No. CIV 06-792 JB/LFG

GUY HALL, Warden,

        Respondent.

**MAGISTRATE JUDGE'S ANALYSIS
AND RECOMMENDED DISPOSITION**[1]

**Introduction**

       1.       THIS MATTER is before the Court on *pro se* Petitioner Greg Paul Chavez ("Mr. Chavez")'s petition for writ of habeas corpus brought under 28 U.S.C. § 2254.  [Doc. 1.]  Mr. McGuire is currently incarcerated at the Two Rivers Correctional Institute in Umatilla, Oregon. [Doc. 19.]

       2.       On August 25, 2006, Mr. Chavez filed an application for a writ of habeas corpus. [Doc. 1.] On November 6, 2006, Respondent a motion to dismiss Chavez's petition, with prejudice. [Doc. Nos. 14, 15.]  In support of the motion, Respondent argued that the § 2254 petition was time-

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations.  A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

1

barred, subject to dismissal based on procedural merit or failed to raise any cognizable claim. [Doc. 15.] On November 6, 2006, Respondent also filed an Answer with attachments as to Mr. Chavez's underlying conviction and state habeas proceedings. [Doc. 16.]

2.  The deadline for responding to Respondent's motion to dismiss elapsed. Because of Mr. Chavez's *pro se* status and out-of-state incarceration, the Court elected to issue an Order to Show Cause directing him to show cause why his petition should not be dismissed for failure to prosecute and on the merits or to submit a response to the motion to dismiss by no later than January 15, 2007. [Doc. 18.]

3.  On January 9, 2007, Mr. Chavez filed a Response to the Motion to Dismiss, in which he primarily argued the merits of his § 2254 petition. In addition, Mr. Chavez explained he had been unable to appeal his earlier state habeas petitions because of his location out-of-state and because "8 years ago, [he] did not get a response to the petitions [he] filed. This is why [he] refiled again and again, without regards to time limits." [Doc. 19.] Respondent did not file a reply in support of its motion to dismiss, and the time for doing so has elapsed.

### Procedural History

4.  Mr. Chavez's federal habeas petition challenges the Judgment, Partially Suspended Sentence and Commitment entered April 4, 1994 by the Second Judicial District Court in <u>State v. Chavez</u>, No. CRCR 90-1325/86-42504 and Information 90-1325 DA#: 90-2454/86-0611 (County of Bernalillo, New Mexico). [Doc. 16, Ex. A.] On March 9, 1994, pursuant to a "No Contest" plea, Mr. Chavez was convicted of Felony Murder and Criminal Sexual Penetration ("CSP"). [Id.] He was sentenced to a term of life imprisonment for the Felony Murder conviction (Count 1 of the Indictment) and a nine-year term of imprisonment for the CSP conviction (Count 1 of the

Information). The nine-year term of imprisonment was suspended and Mr. Chavez was ordered to be placed on a five-year period of probation upon release from custody. Thus, Mr. Chavez was taken into custody for a term of life imprisonment. [Id.]

5.  Mr. Chavez entered into a Plea and Disposition Agreement on March 10, 1994. [Doc. 16, Ex. B.] The written plea agreement, signed by Mr. Chavez and defense counsel, provided, in part, that Mr. Chavez would be sentenced to life plus a period of nine years and that other charges brought against Mr. Chavez would be dismissed in indictment CR 90-1325 and CR 86-42504.

6.  Mr. Chavez did not file a direct appeal from his conviction. In his federal habeas petition, he wrote that he was unaware that he could have addressed his concerns in a direct appeal process. [Doc. 1.]

7.  On November 21, 2002, Mr. Chavez filed the first of three state habeas petitions. [Doc. 16, Ex. C.] On February 10, 2003, the state district court issued an Order denying the first habeas petition. State District Court Judge Albert S. Pat Murdoch wrote that Mr. Chavez raised a number of issues in his state petition, including head injury, ineffective assistance of counsel, failure to understand the plea and failure to receive credit for 20 days of jail time. The state court found that none of the allegations were supported by the record "which indicates that defense counsel worked effectively and diligently for the petitioner." The court further noted that nothing in Mr. Chavez's behavior indicated that a prior head injury might have offered him a defense or rendered him incompetent. "All issues raised but not specifically addressed [in the Court's Order] are also deemed denied." [Doc. 16, Ex. C.]

8.  There is no indication that Mr. Chavez received the Court's Order, but his state habeas petition or related pleadings provide his out-of-state address. Mr. Chavez did not file a petition for

writ of certiorari with respect to his first habeas petition or any of the subsequent state habeas petitions.

9.   On May 4, 2005, Mr. Chavez filed a second state habeas petition, raising similar claims, including ineffective assistance of counsel and allegations that a prior head injury diminished his mental capacity, thereby affecting his ability to knowingly enter into the plea agreement. The second habeas petition notes that his "attempt to file a Habeas Corpus in the U.S. District Court was dismissed without his being heard." [Doc. 16, Ex. D.] It is not clear to which petition, Chavez referred, i.e., his first state habeas petition or some other habeas petition he attempted to file in federal court.

10.   On June 28, 2005, the state district court denied the second habeas petition. Judge Murdoch wrote that "[t]he lawyers involved in this case are extremely well qualified and highly ethical. Their representation of the petitioner was beyond reproach. There is no violation of the right against self-incrimination. The petitioner entered his plea with full knowledge of the consequences. He knowingly and intelligently entered the plea with effective representation." Judge Murdoch denied all claims not specifically addressed by the Order. [Doc. 16, Ex. F.] Again, it is not clear whether Mr. Chavez received a copy of the Order, but his out-of-state contact information was provided on his pleadings.

11.   On August 18, 2005, Mr. Chavez filed a pleading entitled "Motion to Amend Original Writ of Habeas Corpus Petition." [Doc. 16, Ex. G.] He argued that he was seeking a modification to his sentence. More specifically, he asserted that he was legally and mentally incompetent when offered an earlier plea agreement for a 20-year period of incarceration and that he subsequently was found incompetent and sent to a state mental hospital. "Approximately two years later I was declared

competent and was again brought before the Court [with respect to the plea agreement at issue in this habeas proceeding]. Mr. Chavez argued that he was offered 30 years to life in the second plea proceeding which he characterized as retaliation for not having accepted the previous plea agreement of a 20-year term of confinement. He asked that the State "accept the 20 year agreement that was first offered." [Doc. 16, Ex. G.]

12.     On September 1, 2005, Judge Murdoch entered an Order denying the motion to amend. [Doc. 16, Ex. H.] The state district court did not provide a written explanation as to the denial. On July 14, 2006, Judge Murdoch entered an Order that denied a third state habeas petition apparently filed on May 22, 2006 (Respondent was unable to locate a copy of the third state habeas petition) [Doc. 16, p. 4.]. Judge Murdoch wrote that Mr. Chavez "freely and voluntarily entered into this plea with full knowledge of the consequences. Any representation that 'all he did was nod his head' is not supported by the transcript as all responses were verbal and indicated complete understanding of the agreement." [Doc. 16, Ex. I.] Again, Mr. Chavez's pleadings provide his out-of-state address. Judge Murdoch's Order indicates that a copy of the Order was delivered to all parties on July 14, 2006.

13.     Mr. Chavez took no further action on the court's orders denying his three state habeas petitions.

14.     On August 25, 2006, Mr. Chavez filed the federal habeas petition. He asserts seven claims although several appear interrelated or duplicative:

>   1)   he was legally and mentally incompetent approximately two years before he was arrested on the underlying murder charge;

5

    2)    the conviction of CSP was obtained after a violation of the privilege against self-incrimination;

    3)    the felony murder conviction should be reduced to a second-degree murder or voluntary manslaughter conviction;

    4)    his conviction was obtained by an invalid guilty plea;

    5)    his plea of guilty was "unlawfully induced" or "not voluntary";

    6)    his conviction was obtained in violation of the privilege against self-incrimination; and

    7)    he was denied the right to an appeal.

## Analysis

15.    The Court first addresses Respondent's argument that Mr. Chavez's federal habeas petition is time-barred under the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1). Because the Court recommends that Mr. Chavez's petition be dismissed based on untimeliness, the Court does not reach Respondent's remaining two arguments.

16.    Section 2244(d)(1) of AEDPA provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by the State action . . . is removed, if the applicant was prevented from filing by such State action;

>    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized . . . and made retroactively applicable . . . .
>
>    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

17.     AEDPA amended federal habeas corpus procedures by adding a one-year statute of limitations for § 2254 petitions.  "The one-year limitation period of § 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments." Duncan v. Walker, 533 U.S. 167, 179, 121 S.Ct. 2120 (2001).  Prisoners in the position of Chavez, whose conviction on April 4, 1994 became final before AEDPA took effect on April 24, 1996, are given one year after AEDPA's effective date, that is, until April 23, 1997, to file a federal habeas petition.  Hoggro v. Boone, 150 F.3d 1223, 1225-26 (10th Cir. 1998).

18.     However, "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).  In this case, Mr. Chavez did not file a direct appeal.  His first challenge to the 1994 did not occur until he filed his first habeas petition in state court on November 21, 2002, more than five years after the expiration of the one-year limitation period of April 23, 1997.  Even if his state court petitions could toll the limitations period, they simply were filed too late to have any beneficial tolling effect in this case.  In other words, Mr. Chavez's one-year period of limitation expired on April 23, 1997, well before he filed any of his applications for post-conviction relief in state court.  There is no indication that Mr. Chavez took any action to challenge his 1994 conviction between April 23, 1997 and November 21, 2002.  Nor is there any basis to conclude that Mr. Chavez's later filed state habeas petitions allowed him additional time to file a timely federal

habeas petition. Thus, there is no evidence to support statutory tolling. *See* Lindley v. Schriro, 2006 WL 3292470 at *2 (D. Ariz. Nov. 9, 2006) (noting that the purpose in ensuring finality of state court judgments "would be frustrated if a prisoner were allowed to sleep on his rights for an indefinite period of time, eventually pursue a delayed appeal in state court and then use that appeal as a springboard into the federal system.")

19.     The AEDPA statute of limitations is subject to equitable tolling in "extraordinary circumstances over which [the] inmate had no control." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998). The petitioner seeking this equitable remedy must demonstrate, however, that he diligently pursued his claims. Id. This, Mr. Chavez has not demonstrated. There is no explanation given why Mr. Chavez waited from April 1997 until November 2002 before attempting to challenge his 1994 state conviction. His opposition to the motion to dismiss provides no information other than Mr. Chavez did not "get a response to the petitions I filed," which was purportedly why he "re-filed" the state habeas petitions without regard to time limits. This does not answer why Mr. Chavez waited over five years before filing his first state habeas petition. Thus, the Court concludes that Mr. Chavez's federal habeas petition is time-barred and recommends that the petition be dismissed, with prejudice.

**Recommended Disposition**

That Respondent's Motion to Dismiss [Doc. 14] be granted, Mr. Chavez's petition for a writ of habeas corpus brought under 28 U.S.C. § 2254 [Doc. 1] be dismissed, and the entire case be dismissed with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge